(Not for publication)                                    (Docket Entry No. 6)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____     :
                                        :
RAHIM R. CALDWELL,                      :
                                        :
                    Plaintiff,          :       Civil No. 08-4101 (RBK/JS)
                                        :
             v.                         :       **OPINION**
                                        :
ATLANTIC COUNTY ANIMAL                  :
SHELTER and COUNTY OF                   :
ATLANTIC,                               :
                                        :
                    Defendants.         :
_____     :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants Atlantic County Animal Shelter and

County of Atlantic ("Defendants") to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P.

12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

Defendants have also moved to dismiss Defendant Atlantic County Animal Shelter because it is

not a legal entity subject to suit.  For the reasons set forth below, the claim against the Atlantic

County Animal Shelter will be dismissed, and the remainder of Defendants' motion will be

denied.

**I.  BACKGROUND**

In his complaint, filed on August 13, 2008, Plaintiff states the following:

Prose [sic] plaintiff claims on, before or after 10-24-07 the defendants violated
plaintiffs [sic] constitutional rights by murdering and destroyed [sic] plaintiffs

[sic] puppy therefore violating other constitutional rights of plaintiff.  Also the puppy was also to be the first puppy of many to be trained & bred as a protection animal for plaintiff.  Plaintiff requests a trial by jury.

In response, Defendants filed the motion to dismiss now before the Court.   According to Defendants, a Hamilton Township Animal Control Officer brought a stray pit bull to the Atlantic County Animal Shelter on October 10, 2007.  The Shelter boarded the dog until October 24, 2007, when the dog was euthanized.  On October 25, 2007, Plaintiff filed a request seeking information about the dog.

In their motion, Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff has not set forth any facts and because the Shelter complied with state law.  In the alternative, Defendants request that Plaintiff be required to provide a more definite statement of the claims alleged.  Defendants further argue that the Atlantic County Animal Shelter is not a proper defendant.

## II.  MOTION TO DISMISS PURSUANT TO 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court must "accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993).

Further, "*pro se* complaints in particular should be construed liberally." Alston v. Parker, 363

F.3d 229, 234 (3d Cir. 2004).  "But a court need not credit a complaint's 'bald assertions' or

'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132

F.3d 902, 906 (3d Cir. 1997) (quoting  In re Burlington Coat Factory Securities Litigation, 114

F.3d 1410, 1429-30 (3d Cir.1997)).

The Court finds that Plaintiff's complaint, while containing few facts, is sufficient to state

a claim under 42 U.S.C. § 1983.  As the Third Circuit Court of Appeals has explained:

> [A] plaintiff need not plead facts. To withstand a 12(b)(6) motion, a plaintiff need
> only make out a claim upon which relief can be granted. If more facts are
> necessary to resolve or clarify the disputed issues, the parties may avail
> themselves of the civil discovery mechanisms under the Federal Rules.

Alston, 363 F.3d at 233-34 n.6.

Defendants argue that even if Plaintiff's complaint contains sufficient facts, the complaint

should be dismissed because the Shelter complied with state law, which requires shelters to

board stay dogs for seven days prior to euthanasia.  See N.J. Stat. Ann. § 4:19-15.16 (West

1998).  Defendants further state that Plaintiff did not try to find his dog prior to October 25,

2007.  Defendants submitted three exhibits, which appear to be public records,[1] in support of this

argument: an Animal Control Officer Form indicating that a pit bull was found on October 10,

2007; a form dated October 24, 2007 containing information about a pit bull; and a Request for

Government Records Form dated October 25, 2007 seeking information about a dog brought to

---

[1]  "When deciding a motion to dismiss, it is the usual practice for a court to consider only
the allegations contained in the complaint, exhibits attached to the complaint and matters of
public record." City of Pittsburgh v. West Penn Power Co.,147 F.3d 256, 259 (3d Cir. 1998).

the shelter on October 10, 2007.  The Court finds that these documents do not establish that "no

relief could be granted under any set of facts that could be proved consistent with [Plaintiff's]

allegations."  See Hishon, 467 U.S. at 73.  None of these documents bears Plaintiff's name, and

thus it is not clear that they relate to Plaintiff's claim.

## III.  MOTION FOR A MORE DEFINITE STATEMENT

Defendants argue that even if Plaintiff meets the pleading requirements of Rule 8(a), he

should be required to submit a more definite statement pursuant to Fed. R. Civ. P. 12(e).  "[T]he

motion for a more definite statement . . . is directed to the rare case where because of the

vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive

pleading."  Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  While

Plaintiff's complaint could be clearer, it is sufficient to allow Defendants to respond.  Indeed

Defendants have responded by asserting that the Shelter complied with state law.  Further,

Defendants have attached several exhibits to their motion to dismiss.  The evidence presented by

Defendants belies their argument that Plaintiff's Complaint is so vague that they cannot respond.

## IV.  MOTION TO DISMISS CLAIM AGAINST ANIMAL SHELTER

Defendants argue that the Shelter is not subject to liability under 42 U.S.C. § 1983

because it is a not an entity distinct from the County of Atlantic.  Courts have found that police

departments cannot be sued in conjunction with the municipalities they serve because the

departments are not separate legal entities.  See, e.g., Adams v. City of Camden, 461 F. Supp. 2d

263, 266 (D.N.J. 2006) (referring to N.J. Stat. Ann. § 40A:14-118, which states that a municipal

police department is "an executive and enforcement function of municipal government").

Similarly, a County Sheriff's Department is not a legal entity distinct from the county.  See Open

Inns, Ltd. v. Chester County Sheriff's Dep't, 24 F. Supp. 2d 410, 416 n.13 (E.D. Pa. 1998)

("[T]he Chester County Sheriff's Department is a sub-unit of Chester County which cannot be

sued because it is merely an arm of the local municipality, and thus is not a separate judicial

entity.") The Court finds that this same rational applies to county animal shelters. See N.J. Stat.

Ann. § 40:48-1 ("The governing body of every municipality may make, amend, repeal and

enforce ordinances to . . . [e]stablish and regulate one or more pounds . . . .").  Therefore, the

Court will dismiss the claim against the Shelter.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's claim against the Atlantic County Animal Shelter is

dismissed.  With respect to the County of Atlantic, Defendants' motion to dismiss or, in the

alternative, for a more definite statement is denied.  An accompanying order shall issue today.


Dated:  __4-28-09__                                            __/s/ Robert B. Kugler__
                                                               ROBERT B. KUGLER
                                                               United States District Judge