(Not for publication)                                                              (Docket Entry No. 13)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
:
RAHIM R. CALDWELL,                        :
                                          :
        Plaintiff,              :      Civil No. 08-4101 (RBK/JS)
                                          :
        v.                      :      **OPINION**
                                          :
ATLANTIC COUNTY ANIMAL                    :
SHELTER and COUNTY OF                     :
ATLANTIC,                                 :
                                          :
        Defendants.             :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court on a motion by Plaintiff Rahim Caldwell to reconsider this Court's Opinion and Order of April 28, 2009, in which the Court dismissed Plaintiff's claim against Defendant Atlantic County Animal Shelter (hereinafter "Animal Shelter"). For the reasons set forth below, Plaintiff's motion will be denied.

**I. BACKGROUND**

    On August 13, 2008, Plaintiff filed suit against Defendants Atlantic County and the Animal Shelter. In his complaint, Plaintiff alleged that "on, before or after 10-24-07 the defendants violated plaintiffs [sic] constitutional rights by murdering and destroyed [sic] plaintiffs [sic] puppy therefore violating other constitutional rights of plaintiff."

    Defendants filed a motion to dismiss. They argued that Plaintiff's complaint should be

dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted and that, in the alternative, Plaintiff should be required to provide a more definite statement pursuant to Rule 12(e).  Defendants further argued that even if Plaintiff's complaint contained sufficient facts, it should be dismissed because the Animal Shelter complied with state law by boarding Plaintiff's dog for fourteen days prior to euthanasia.  Finally, Defendants argued that Plaintiff's complaint against the Animal Shelter must be dismissed because the Animal Shelter was not subject to liability under 42 U.S.C. § 1983.

The Court granted Defendants' motion in part and denied it in part.  The Court found that Plaintiff's complaint was sufficient to state a claim under 42 U.S.C. § 1983 and denied Defendants' motion for a more definite statement.  The Court further found that Defendants failed to show that they complied with state law before euthanizing Plaintiff's dog.  However, the Court dismissed Plaintiff's claim against the Animal Shelter because the Animal Shelter is not a legal entity distinct from the County of Atlantic.  See Caldwell v. Atlantic County Animal Shelter, No. 08-4101, 2009 WL 1173645, at *2 (Apr. 28, 2009) (citing Adams v. City of Camden, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); Open Inns, Ltd. v. Chester County Sheriff's Dep't, 24 F. Supp. 2d 410, 416 n.13 (E.D. Pa. 1998)).

On May 13, 2009, Plaintiff filed a motion to reconsider the dismissal.[1]  First, Plaintiff argues that Defendants "misled the Court into believing the puppy was a stray, and did this only so they could say they followed state law."  Second, Plaintiff argues that "if the Court feels the

---

[1] Although Plaintiff's motion was filed one day past the ten-day deadline, the Court will nonetheless consider his motion.  See Damiano v. Sony Music Entm't, Inc., No. 95-4795, 2000 WL 1689081, at *5 (D.N.J. Nov. 13, 2000) (noting that court "could relax the strict timetable for a reconsideration motion" for pro se plaintiff).

Defendants [sic] 'Animal Shelter' is not subject to liability under 42 U.S.C. § 1983, the court should apply a statute that does subject Defendants [sic] 'animal shelter' to liability for murder of the puppy." (Pl.'s Motion for Reconsideration.)

## II. STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). The standard for a motion for reconsideration has been described as follows:

> Local Civil Rule 7.1[(i)] provides that a party may, within ten days of the entry of an order adverse to that party, move for [reconsideration] upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. The operative word in the rule is 'overlooked.' Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]. Only where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion.

United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (internal citations omitted).

## III. ANALYSIS

Plaintiff's motion for reconsideration must fail because Plaintiff has not shown that the Court overlooked "dispositive factual matters or controlling decisions of law." See id. Plaintiff's first argument in support of his motion for reconsideration is that Defendants misled the Court into believing that his dog was a stray. However, the Court did not make any conclusion regarding whether Plaintiff's dog was a stray. Moreover, the status of Plaintiff's dog was not a "dispositive factual matter" in this Court's decision to dismiss Plaintiff's claim against the Animal Shelter.

3

Next, Plaintiff argues that the Court erred in evaluating his complaint under 42 U.S.C. § 1983 and should instead apply a statute that would subject the Animal Shelter to liability. However, the Court dismissed the claim against the Animal Shelter because the Animal Shelter is not a legal entity separate from the county; this reasoning would apply even if the Court had not construed the complaint as stating a claim under 42 U.S.C. § 1983. See Monaco v. City of Camden, No. 04-2406, 2008 WL 408423, at *12 (D.N.J. Feb. 13, 2008) ("Because the Department 'is not an entity separate from the municipality,' Adams, 461 F. Supp. 2d at 266, it cannot be sued in conjunction with the municipality, irrespective of the nature of the plaintiff's claims.").

Moreover, because Plaintiff alleged that his constitutional rights were violated by a state actor, it was appropriate for this Court to find that Plaintiff was attempting to raise a claim under 42 U.S.C. § 1983. See Coleman v. State of N.J. Div. of Youth and Family Servs., 246 F. Supp. 2d 384, 387 (D.N.J. 2003) (treating complaint alleging constitutional violations as § 1983 claim); Bartee v. Yanoff, 514 F. Supp. 96, 98 (E.D. Pa. 1981) (finding that "Section 1983 is plaintiff's exclusive remedy for any violations of his constitutional rights" by public defender and court-appointed attorney, even though both defendants were entitled to immunity); see also Rogin v. Bensalem Twp., 616 F.2d 680, 686 (3d Cir. 1980) (noting that "the existence of an effective and substantial federal statutory remedy for the plaintiffs obviates the need to imply a constitutional remedy on (their) behalf" (quoting Mahone v. Waddle, 564 F.2d 1018, 1024-25 (3d Cir. 1977)). Finally, Plaintiff's request that this Court search for a specific statute pursuant to which the Animal Shelter may be found liable is not appropriate. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to

assume the role of advocate for the pro se litigant.").

### IV. CONCLUSION

Because Plaintiff has not established that this Court overlooked dispositive factual matters or controlling decisions of law, Plaintiff's motion for reconsideration is denied. An accompanying Order shall issue today.

Dated:  8-4-09                                                             /s/ Robert B. Kugler
                                                                                                         ROBERT B. KUGLER
                                                                                                          United States District Judge