NOT FOR PUBLICATION                                                                                          (Docket No. 15)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                    :
RAHIM R. CALDWELL,                   :
                                                    :
           Plaintiff,                       :     Civil No. 08-4101 (RBK/JS)
                                                    :
           v.                                  :     **OPINION**
                                                    :
COUNTY OF ATLANTIC,              :
                                                    :
           Defendant.                    :
_____:

**KUGLER**, United States District Judge:

       This dispute arises out of the euthanization of Plaintiff Rahim Caldwell's dog by Defendant County of Atlantic. Presently before the Court is Plaintiff's Motion for Summary Judgment. Because the Court finds that genuine issues of material fact exist that preclude summary judgment, the Motion is denied.

**I.        BACKGROUND**

       As an initial matter, Plaintiff did not file a statement of undisputed material facts with the present Motion as is required by Local Civil Rule 56.1(a). Under this Rule, a court "shall" dismiss a motion for summary judgment unaccompanied by such a statement. Id. However, pursuant to the Court's authority under Local Civil Rule 83.2(b), the Court will overlook Plaintiff's failure and consider the merits of the pro se motion in the interests of justice.

       The facts in this case are relatively few. The underlying Complaint states in its entirety:

> Prose [sic] plaintiff claims on, before or after 10-24-07 the defendants violated plaintiffs [sic] constitutional rights by murdering and destroyed [sic] plaintiffs [sic] puppy therefore violating other constitutional rights of plaintiff.  Also the puppy was also to be the first puppy of many to be trained & bred as a protection animal for plaintiff.  Plaintiff requests a trial by jury.

Docket No. 1.  Plaintiff brought suit against Defendants Atlantic County Animal Shelter and County of Atlantic.

In response, Defendants filed a motion to dismiss on November 5, 2008.  Docket No. 6.  According to Defendants, a Hamilton Township Animal Control Officer brought a stray pit bull to the Atlantic County Animal Shelter on October 10, 2007.  The Shelter boarded the dog until October 24, 2007, when the dog was euthanized.  On October 25, 2007, Plaintiff filed a request seeking information about the dog.

The Court granted the motion to dismiss in part and denied it in part on April 28, 2009.  Docket No. 9.  The Court found that while Plaintiff could not maintain a cause of action against the Atlantic County Animal Shelter because it was not a separate legal entity, Plantiff had alleged sufficient facts to state a claim against Defendant County of Atlantic.  Docket No. 9 at 3-5.  The Atlantic County Animal Shelter was therefore terminated as a party to the suit.

Plaintiff then filed the present Motion on May 28, 2009.  Plaintiff's Motion states in its entirety:

> I Rahim R. Caldwell the plaintiff come before the United States District Court on a motion for summary judgment in the case.  I make this motion due to the fact [sic] the defendants murdered plaintiffs [sic] puppy.  I thank the court for considering plaintiffs [sic] motion.

Docket No. 15.  Plaintiff attached no affidavits in support of the Motion, nor did he point to any evidence in support of his request.  Defendant County of Atlantic filed a letter in opposition on

2

June 22, 2009.  Docket No. 17.  Plaintiff did not file a reply brief.

## II.     STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact."  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Id.

## III.    DISCUSSION

Defendant County of Atlantic responds to the Motion for Summary Judgment by

asserting that genuine issues of material fact exist as to whether it complied with state law. Docket No. 17 at 1.  Defendant notes that in conjunction with the motion to dismiss, it supplied two exhibits showing that it had fulfilled its obligations under New Jersey law.  Id.

The Court finds that Plaintiff failed to meet his burden for summary judgment by producing evidence showing that no genuine issue of material fact exists.  See Aman, 85 F.3d at 1080.  Furthermore, a reasonable jury could return a verdict for the nonmoving Defendant. Plaintiff has not directed the Court's attention to any evidence that suggests that Defendant's actions violated the Constitution as a matter of law.  Therefore, the Court denies Plaintiff's Motion for Summary Judgment.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment.


Dated:   11-23-2009                               /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge