NOT FOR PUBLICATION                                                                    (Docket Nos. 49, 52)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| RAHIM R. CALDWELL, | : | |
| Plaintiff, | : | Civil No. 08-4101 (RBK/JS) |
| v. | : | **OPINION** |
| COUNTY OF ATLANTIC, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon a Motion for Summary Judgment by Plaintiff Rahim R. Caldwell (Doc. No. 49) and a Motion for Summary Judgment by Defendant County of Atlantic (Doc. No. 52). For the reasons expressed below, the Court will deny Plaintiff Caldwell's Motion and grant Defendant County of Atlantic's Motion.

**I.   BACKGROUND**

This dispute arises out of the euthanization of Plaintiff Caldwell's dog by Defendant County of Atlantic. On October 10, 2007, a Hamilton Township Animal Officer brought a pit bull dog to the County of Atlantic Animal Shelter. (Doc. No. 52.) The dog was wearing a red and gold collar. Id. The dog had no forms of identification, such as a name tag, R/V tag number, or license number. Id. The Animal Control Officer Form contains a notation that the owner of the dog was arrested and refused to give officers any information. Id. The Atlantic County Animal Shelter boarded the dog until October 24, 2007 when the dog was euthanized. Id. On

1

October 25, 2007, Plaintiff went to the Atlantic County Animal Shelter seeking information about the dog. Id.  There are no facts in the record explaining Plaintiff's arrest on October 10 or how the dog came to be in the possession of the Hamilton Township Animal Officer.

Plaintiff brought suit against Atlantic County Animal Shelter and County of Atlantic. Plaintiff's underlying Complaint states in its entirety:

> Prose [sic] plaintiff claims on, before or after 10-24-07 the defendants violated plantiffs [sic] constitutional rights by murdering and destroyed [sic] plaintiffs [sic] puppy therefore violating other constitutional rights of plaintiff. Also the puppy was also to be the first puppy of many to be trained & bred as a protection animal for plaintiff.  Plaintiff requests a trial by jury.

(Doc. No. 1.)  Plaintiff filed the present Motion for Summary Judgment on April 13, 2010.  (Doc. No. 49.)  On May 11, 2010, Defendant County of Atlantic filed a brief in opposition to Plaintiff's motion and its present Motion for Summary Judgment.  (Doc. Nos. 51, 52.)  Plaintiff filed a reply on June 14, 2010.  (Doc. No. 56.)  Plaintiff did not file a statement of undisputed material facts with his first motion for summary judgment, nor with the present Motion, as is required by Local Civil Rule 56.1(a).  Under this Rule, a court "shall" dismiss a motion for summary judgment unaccompanied by such a statement.  Local Civil Rule 56.1(a).  However, pursuant to the Court's authority under Local Civil Rule 83.2(b), the Court will overlook Plaintiff's failure and consider the merits of the present pro se Motion in the interests of justice.  Therefore, this matter is ripe for disposition.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material

fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. Sept. 17, 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to

evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder, not the district court. BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III.   DISCUSSION

Here, the Court is satisfied that summary judgment is appropriate for Defendant County of Atlantic.

#### A.   Plaintiff's Arguments

Plaintiff argues that summary judgment in his favor is appropriate. Plaintiff argues that Defendant County of Atlantic failed to give Plaintiff notice that the dog had been seized and would be offered for adoption or destroyed after seven days, pursuant to N.J. Stat. Ann. § 4:19-15.16. (Pl. br. 1.) Defendant County of Atlantic notes in its brief in opposition, however, that Plaintiff failed to submit any document, evidence, or affidavit to support his motion for summary judgment. (Doc. No. 51.) Plaintiff moved for summary judgment but failed to provide the Court with any evidence to "demonstrate the absence of any genuine issue of material fact" in his favor. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).

Plaintiff suggests that Defendant's Exhibit A, the Animal Control Officer Form dated October 10, 2007, shows that County of Atlantic knew that the dog had an owner, and thus Plaintiff was entitled to judgment. (Docket No. 52.) Although the special notations on the Form indicate that the dog had an owner ("Owner was arrested. Refused to give officers any information."), the Form also indicates that there was no identification on the dog–no name tag, R/V tag number, or license number. Id. The dog was wearing only a red and gold collar. Id.

4

N.J. Stat. Ann. § 4:19-15.16 provides:

> If any animal so seized wears a collar or harness having inscribed thereon or attached thereto the name and address of any person or a registration tag, or the owner or the person keeping or harboring said animal is known, any person authorized by the governing body shall forthwith serve on the person whose address is given on the collar, or on the owner or the person keeping or harboring said animal, if known, a notice in writing stating that the animal has been seized and will be liable to be offered for adoption or destroyed if not claimed within seven days after the service of the notice.

The Atlantic County Animal Shelter, therefore, was required to give notice in writing to any person whose address was on the animal's collar or to the owner or person keeping the animal if the person was known. Here, Plaintiff refused to give the animal shelter officers any information about himself and did not provide proof of ownership of the dog, and nothing in the record indicates the details of Plaintiff's arrest or how the dog came to be in the possession of the Hamilton Township Animal Officer noted in the Animal Control Officer Form. Indeed, nothing in the record even shows that Plaintiff is the owner. These holes in the record are too vast for the Court to overlook. Therefore, the Court concludes that it does not have sufficient facts to grant summary judgment to Plaintiff.

**B.     Defendant's Arguments**

Defendant argues that summary judgment is appropriate because Plaintiff has failed to establish his claim against a municipality under 42 U.S.C. § 1983. (Def. br. 5.) Under a § 1983 claim, a plaintiff must allege two things: first, a violation of a right secured by the Constitution, and second, that the violation was committed or caused by a "person" acting under color of state law. Id. (citing West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Com. of Pa., 36 F.3d 1250, 1255-56 (3d. Cir 1994)). Defendant argues that Plaintiff has failed to establish his claim against

County of Atlantic as a municipality under § 1983. The Court agrees.

A § 1983 claim may only be brought against a "person." 42 U.S.C. § 1983 ("Every person who, under color of any statute . . . shall be liable."). The Supreme Court has established that municipalities and other local government units are to be included in the definition of "person" to whom § 1983 applies. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978). A municipality or local government unit, however, "cannot be held liable under § 1983 on a respondeat superior theory." Id. at 691. Thus, a municipality or local government unit may only be sued under § 1983 when "execution of a government's policy or custom . . . inflicts the injury." Id. at 694.

The "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Policy has been defined by the Supreme Court as a particular course of action properly decided on by a government's authorized decisionmakers. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). Customs are "'practices of state officials . . . so permanent and well settled' as to virtually constitute law." Berg v. County of Allegheny, 291 F.3d 261, 275 (quoting Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)). Thus, a plaintiff "must identify a municipal policy or custom that amounts to deliberate indifference to the rights of people." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004) (citing City of Canton, 489 U.S. at 388 ("Only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983.")).

County of Atlantic may satisfy its burden for summary judgment by establishing the nonexistence of a genuine issue of material fact by showing "that there is an absence of evidence to support the nonmoving party's case."  See Celotex, 477 U.S. at 325.  Assuming that Plaintiff has properly alleged a violation secured by the Constitution, Plaintiff has failed to show that the alleged violation was committed or caused by a "person" under color of state law.  See West, 487 U.S. at 48.  Because Plaintiff has alleged a violation by a local government unit, Plaintiff must show that County of Atlantic's policies or customs were responsible for inflicting the alleged violation.  See Monell, 436 U.S. at 694.  Plaintiff has not identified specific County of Atlantic policies or customs that amount to deliberate indifference to the inhabitants of County of Atlantic.  See Carswell, 381 F.3d at 244.  Nor did Plaintiff produce any evidence to demonstrate any pattern of underlying constitutional violations by County of Atlantic.  Thus, Plaintiff failed to properly show a violation under § 1983 by a "person" under color of state law.

The Court acknowledges that pro se litigants are entitled to a certain amount of leniency, and the Court notes that it made every effort to search for a supported claim.  Cf. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is convinced that summary judgment for Defendant is proper.  Thorough review of Plaintiff's responses to interrogatories highlights his belligerence in failing to offer the Court and Defendant any relevant information in the furtherance of his cause of action. (Doc. No. 52.)  The Court even considered Plaintiff's deposition transcript, but that document only reveals Plaintiff's continued obstinate refusal to offer any evidence or facts in furtherance of his claim.  Id.  Therefore, the Court is forced to conclude that Plaintiff has not set out any evidence to support his claim, and he is simply relying

on his pleading, which he cannot do.  See Fed. R. Civ. P. 56(e).[1]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff Caldwell's Motion for Summary Judgment is **DENIED** and Defendant County of Atlantic's Motion for Summary Judgment is **GRANTED**. An accompanying Order shall issue today.


Dated:  8-11-10                                                                         /s/ Robert B. Kugler
                                                                                                    ROBERT B. KUGLER
                                                                                                    United States District Judge

---

[1] Defendant County of Atlantic further argues that Plaintiff's Complaint must be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) due to Plaintiff's failure to comply with the Magistrate Judge's discovery order of December 31, 2009.  (Doc. No. 40.)  Because the Court has concluded that summary judgment is appropriate for Defendant, it need not reach this argument.